IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:10-MJ-1134

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **ORDER ON PRELIMINARY HEARING** |
| | ) **AND FOR DETENTION PENDING** |
| PEDRO DURAN-SANTIBANEZ, | ) **TRIAL** |
| | ) |
| Defendant. | ) |

This case came before the court today for a preliminary hearing on the criminal complaint against defendant and for a hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. With the consent of counsel, the court heard one consolidated presentation of the evidence without prejudice to determination of the issue of probable cause. The government presented the testimony of a supervisory agent with Immigration and Customs Enforcement ("ICE"). Defendant presented no evidence. The court also reviewed the pretrial services report.

The court finds that the credible information presented, including that reflected in the findings below, clearly establishes probable cause to support the criminal complaint. In addition, having considered the record pursuant to 18 U.S.C. § 3142(g) and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the appearance of defendant as required. The government's motion is therefore GRANTED.

### Background

Defendant was charged by criminal complaint on 17 June 2010 with illegal reentry into the United States as an aggravated felon on or about 1 June 2010 in violation of 8 U.S.C. § 1326(a) and

(b)(2). The evidence presented at the hearing showed that the charges arise from defendant's apprehension in Duplin County, North Carolina by local and state authorities on 28 May 2010. They contacted ICE, which placed a detainer on defendant that same day. ICE's checks of multiple databases showed that defendant was deported as an aggravated felon in June 2002 based on his conviction in the Southern District of Texas in August 2001 for felonious smuggling of illegal aliens. Records also showed that defendant had previously attempted to enter the United States illegally in December 1998, July 1999, and February 2000. In the latter two attempts, he falsely represented himself as a United States citizen. The misrepresentation in connection with the February 2000 attempted reentry resulted in defendant's conviction in the Southern District of Texas for misdemeanor concealment of facts about reentry.

After ICE issued the detainer against defendant, his attorneys (who are not the counsel appointed by the court in this proceeding) sent to ICE a visa and other documents purporting to show that defendant was lawfully in the United States. But the foil number on the visa corresponded to a person other than defendant and the other numbers associated with the visa appear to be invalid. A form I94, a departure and arrival document, also submitted by defendant's counsel appeared to be invalid as well.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the flight-related nature of the offense charged; defendant's status as a citizen of a foreign country; defendant's history of immigration violations, including the felony and misdemeanor convictions referenced and his misrepresentation of himself as a United States citizen; the substantial prison term defendant faces if convicted; the pendency of an ICE detainer on

2

defendant; and, as indicated, the other findings and reasons stated in open court. Considerations cited by defendant's counsel at the hearing as mitigating, including the purported presence of his family in the area, do not offset the other factors weighing heavily in favor of detention.

**Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 24th day of June 2010.

James E. Gates
United States Magistrate Judge